**Jackie Gene TEMPLER**

v.

**The STATE of Texas.**

No. 2–94–509–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 22, 1996.

Discretionary Review Refused May 29, 1996.

Glenn O. Lewis, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Attorney, Betty Marshall, Asst. Chief Appellate Sec., Charles Mallin, Asst. Chief Appellate Sec., Tanya S. Dohoney, Asst. Dist. Attorney, John Harding, Asst. Dist. Attorney, Barry Shelton, Asst. Dist. Attorney, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and CHUCK MILLER (Assigned), JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Jackie Gene Templer was indicted for capital murder. A jury convicted Templer and a life sentence was automatically imposed. Templer appeals his conviction, raising two points of error. He contends that the trial court erred in denying his motion to suppress his confession because he had not waived his Sixth Amendment right to counsel. He also contends that the trial court improperly admitted Templer's second confession because the second confession was nearly identical to the first confession and was thereby tainted by the illegality of the first confession. Because both confessions were properly admitted into evidence, we affirm Templer's conviction and sentence.

Templer was arrested on an unrelated automobile theft charge. After that arrest, the police began investigating Templer in relation to a capital murder in which Templer and three others stole a motorcycle from Dale Rushing and shot him to death.

Two of Templer's codefendants gave statements implicating Templer in the capital murder. Although counsel had been appointed to represent Templer in the unrelated theft case, Templer was not represented by counsel in the capital murder case.

The right to counsel guaranteed by the Sixth Amendment to the Constitution of the United States is offense-specific.[1] While Templer invoked his right to counsel for the theft offense, he did not request counsel in relation to the capital murder offense until after he had given both confessions. Invocation of the right to counsel for the theft offense cannot be considered an implication of counsel for all purposes and for all future prosecutions. The United States Supreme Court reasoned that:

> The police have an interest ... in investigating new or additional crimes [after an individual is formally charged with one crime.] ... [T]o exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities....[2]

The Court specifically held that "[i]ncriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses."[3] Templer waived his right to counsel when he was advised of his rights on October 21, 1992, before making statements to the Tarrant County Sheriff's Deputies on October 28th and November 3rd. He also waived this right when he signed the *Miranda*[4] cards indicating his understanding of those rights and waiver of them. The top of each of Templer's statements contained the statutory warnings which he acknowledged and waived. The trial court found, and the evidence supports the finding, that Templer waived his right to consult with an attorney before and during giving both statements. It is well settled that a person suspected of a criminal offense may knowingly and intelligently waive both his Fifth and Sixth Amendment rights to counsel.[5] Police are prohibited from initiating further questioning under *Edwards v. Arizona*[6] only after counsel has been retained or appointed for that specific case.

In the case before us the confessions are dated October 28, 1992 and November 3,

---

1. *State v. Frye*, 897 S.W.2d 324, 329 (Tex.Crim. App.1995).

2. *McNeil v. Wisconsin*, 501 U.S. 171, 175–76, 111 S.Ct. 2204, 2208, 115 L.Ed.2d 158, 167 (1991) (quoting *Maine v. Moulton*, 474 U.S. 159, 179–80, 106 S.Ct. 477, 488–89, 88 L.Ed.2d 481, 498 (1985).

3. *McNeil*, 501 U.S. at 176, 111 S.Ct. at 2208, 115 L.Ed.2d at 167 (citing *Moulton*, 474 U.S. at 180

n. 16, 106 S.Ct. at 489 n. 16, 88 L.Ed.2d at 499 n. 16).

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. *Patterson v. Illinois*, 487 U.S. 285, 296–97, 108 S.Ct. 2389, 2397, 101 L.Ed.2d 261, 275 (1988).

6. 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

1992. Trial counsel was appointed on November 12th and 18th of 1992. The trial court found that Templer had intentionally and knowingly waived his right to counsel before making either statement. The trial court is the sole judge of the credibility of the witnesses in a pre-trial hearing, and absent a showing of an abuse of discretion, the trial court's findings will not be disturbed.[7]

Additionally, the trial court instructed the jury to determine whether any evidence had been obtained unlawfully. If they found unlawfully obtained evidence, they were instructed not to consider that evidence. The law contained in that instruction was specifically applied to the taking of Templer's confession. The record supports the finding of both the trial judge and the jury that the confessions were properly obtained.

■ In his second point of error, Templer contends that his November 3, 1992 confession, that is the second confession, was erroneously admitted evidence. He does not claim the confession was illegally acquired, but, rather, claims that it was tainted by the illegal acquisition of the first confession and therefore rendered inadmissible. Templer contends that the trial court partially reversed its decision to admit the first confession when it ordered portions of that confession redacted. Those redacted portions dealt with extraneous offense evidence. Therefore, although the complete version of Templer's first confession was admitted for the record only, the redacted October 28th confession was admitted for all purposes. Templer is incorrect when he contends the redaction was a decision by the trial court that it had erred in admitting the confession. The complete version of the second confession was admitted for the record only, and the redacted version was admitted for all purposes in order to avoid the admission before the jury of extraneous offenses evidence. Templer also suggests that the October 28th confession was not published to the jury because it was illegally acquired. The record does not support this contention.

Both confessions were properly admitted by the trial court. Templer's first and second points of error are overruled. We affirm.

7. *Jacobs v. State*, 787 S.W.2d 397, 401 (Tex.Crim. App.), *cert. denied*, 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990).